891 F.2d 286
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Tellis EDWARDS, Petitioner-Appellant,
v.
Bill WALLACE, Warden, Manning Correctional Institution;
Attorney General of South Carolina, Respondents-Appellees.
 No. 89-7634.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 25, 1989.
Decided: Nov. 22, 1989.
 
 John H. Blume, Franklin W. Draper, on brief, for appellant.
 T. Travis Medlock, Attorney General, Donald J. Zelenka, Chief Deputy Attorney General, on brief, for appellees.
 Before HARRISON L. WINTER and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Tellis Edwards, convicted of armed robbery in a South Carolina prosecution, was granted a certificate of probable cause by the district court to appeal its denial of a writ of habeas corpus. We affirm.
 
 
 2
 Edwards contends that his state conviction was invalid for two reasons--first, the trial court infringed his constitutional presumption of innocence and his constitutional right not to testify in its preliminary instructions to the jury, and, second, the prosecutor violated the strictures of Batson v. Kentucky, 476 U.S. 79 (1986), in striking black veniremen from the petit jury.
 
 
 3
 We do not think that the trial court violated Edwards' constitutional rights. While the trial judge may have been overly graphic in explaining to jurors what inferences they might draw as laymen from the fact of a prosecution or the failure to testify, he was equally positive in telling them that as jurors they were required to respect the presumption of innocence and the right to remain silent. We do not applaud the format in which these instructions were given, but we cannot say that Edwards' rights were denied or prejudiced.
 
 
 4
 Our analysis of the prosecution's exercise of its peremptory strikes, the reasons given therefor, and the race and sex of jurors who served persuades us that there was no Batson violation.
 
 
 5
 Finally, we agree with the district court that the proof of Edwards' guilt was so overwhelming that the alleged errors were harmless beyond a reasonable doubt.
 
 
 6
 The factual and legal issues in this appeal are fully developed in the briefs. Because it would not aid the decisional process, we dispense with oral argument.
 
 
 7
 AFFIRMED.